# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:23-cv-00886-MR

| | |
|---|---|
| MONTAVIUS ANTOINE JOHNSON,     ) | |
|          ) | |
|     Petitioner,     ) | |
|          ) | **MEMORANDUM OF** |
| vs.     ) | **DECISION AND ORDER** |
|          ) | |
| PAZAVAR PRIEST, Acting Warden,     ) | |
|          ) | |
|     Respondent.     ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon initial review of the Petition for Writ of Habeas Corpus filed by the Petitioner on December 18, 2023 pursuant to 28 U.S.C. § 2254.  [Doc. 1].  Also before the Court is the Petitioner's Motion for Leave to Proceed *In Forma Pauperis*.  [Doc. 2].

## I.    BACKGROUND

Petitioner Montavius Antoine Johnson ("the Petitioner") is a prisoner of the State of North Carolina.  The Petitioner was convicted of first-degree felony murder and armed robbery in Mecklenburg County, North Carolina on February 8, 2002.  [Doc. 1 at 1]; State v. Johnson, 161 N.C.App. 504 (N.C. Ct. App. December 2, 2003).  The Petitioner was sentenced to a term of life in prison without parole.  [Id.].

The Petitioner filed a direct appeal and his judgment of conviction was

upheld by the North Carolina Court of Appeals on December 2, 2003.[1]  [Id.].

The Petitioner did not seek further appellate review of his judgment of conviction.  [Doc. 1 at 2].

The Petitioner states that he did not file any other petitions or motions concerning his judgment of conviction in state court.  [Id. at 3].  However, the record reflects that the Petitioner did file the following *pro se* post-conviction motions in the Mecklenburg County Superior Court: 1) Motion for Preservation of Evidence & Post-Conviction DNA Testing, filed on December 5, 2013 and denied on January 14, 2014; and 2) Notice and Petition for Discharge from Imprisonment and Notice for Provisional Release (construed as a Motion for Appropriate Relief) filed on January 30, 2014 and denied on March 4, 2015.  See [Docs. 8-5 to 8-13 of W.D.N.C. Case No. 3:16-cv-00003-FDW].  The issues raised in the present § 2254 were not raised in these filings.  [Id.].

On January 5, 2016, the Petitioner filed a § 2254 petition for writ of habeas corpus in this Court challenging his judgment of conviction.  See

---

[1] The Petitioner raised the following claims on direct appeal: 1) ineffective assistance of counsel for failing to keep promise made during opening statement that affirmative defense would be presented; 2) ineffective assistance of counsel for failing to object to improper questioning of witness; 3) lack of evidence to support armed robbery conviction; 4) trial court improperly denied motion to dismiss armed robbery charge; 5) trial court erroneously disallowed witness testimony. State v. Johnson, 161 N.C.App. 504 (N.C. Ct. App. December 2, 2003).

[Docs. 1, 11, 20 of W.D.N.C. Case No. 3:16-cv-00003-FDW]. The Court granted summary judgment in favor of the Respondent and dismissed the § 2254 petition as untimely filed on May 9, 2017. [Id.].

The Petitioner filed his § 2254 petition in this Court on December 18, 2023. [Doc. 1].

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 2254, a prisoner in custody under a state court judgment may attack his conviction and sentence on grounds that it violates the Constitution and/or laws or treaties of the United States by filing a petition for writ of habeas corpus. Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify all the grounds for relief available to him and state the facts that support each ground. Rule 2(c), 28 U.S.C. foll. § 2254. In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254.

## III.  DISCUSSION

### A.  Motion to Proceed *In Forma Pauperis*

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 2]. Rule 3(a) of the Rules Governing Section 2254 Cases

3

requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner's application shows that he has no income or and no amounts of money in any bank accounts. [Doc. 2]. As such, the Court finds that the Petitioner has insufficient funds to pay the required filing fee and his motion to proceed *in forma pauperis* is granted for the limited purpose of this Court's initial review of the § 2254 petition.

### B.  Initial Review of § 2254 Petition

The Petitioner raises four grounds for relief in his § 2254 petition. In ground one, the Petitioner alleges that he did not properly waive his right to a probable cause hearing and was denied the right to cross-examine witnesses and present evidence on his behalf. [Doc. 1 at 5-6]. The Petitioner claims that his conviction is therefore based upon a null and void indictment because the superior court lacked subject matter jurisdiction to prosecute him. [Id.]. In grounds two and four, the Petitioner alleges that the state prosecuted him without proper jurisdiction, thereby committing gross and malicious prosecution. [Id. at 8-9, 15-18]. In ground three, the Petitioner alleges that counsel was ineffective for failing to object, for making

misrepresentations, and for ignoring required procedures.  [Id. at 10-13].  The Petitioner seeks immediate release and requests that his sentence be vacated.  [Id. at 23].

### i.      Timeliness of § 2254 Petition

A § 2254 petition must be filed within one year from the date the judgment of conviction becomes final.  28 U.S.C. § 2244(d)(1).  The North Carolina Court of Appeals issued its opinion affirming Petitioner's conviction on December 2, 2003.  Petitioner then had thirty-five days in which to file a petition for discretionary review in the North Carolina Supreme Court but failed to do so.  As such, his conviction became final on or about January 6, 2004, when the time for seeking discretionary review expired.  See N.C. R.App. P. Rules 14(a) and 15(b)(15 days to file from the issuance of the Court of Appeals' mandate to file notice of appeal and/or petition for discretionary review in North Carolina Supreme Court) and Rule 32(b)(unless court orders otherwise, mandate issues 20 days after written opinion filed).  The federal statute of limitations then proceeded to run for 365 days until it fully expired on or about January 6, 2005.

While a properly filed state post-conviction Motion for Appropriate Relief ("MAR") may toll the federal statute of limitations under § 2244(d)(2), the limitations period will not be tolled where the MAR is filed after the one-

year statute of limitations has already expired.  See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period).  Although the Petitioner filed two post-conviction motions in Mecklenburg County Superior Court, those motions were filed long after the federal statute of limitations expired and both were unrelated to the issues raised in the present § 2254 petition.

The Petitioner attempts to circumvent the untimeliness of his § 2254 petition by arguing that the statute of limitations is tolled because the lack of subject matter jurisdiction can be raised at any time and because his petition is based upon newly discovered evidence that was not previously known to him.  [Doc 1 at 5, 7].  Under § 2244(d)(1)(D), a claim of newly discovered evidence must be filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  "[B]y its terms, § 2244(d)(1)(D) is triggered not when a petitioner *actually* learns of some pertinent information from newly-discovered evidence; rather, it commences when he '*could have* ... discovered' it."  Sawyer v. Kiser, 2017 WL 631574, *4 (E.D. Va. Feb. 15, 2017)(emphasis original).  The Petitioner provides nothing more than conclusory assertions that his claims are based

upon newly discovered evidence. He provides no account or description of what facts or information has been recently discovered that could constitute newly discovery evidence to justify the untimely filing of his § 2254 petition. The Petitioner's allegations pertain to events that occurred at his pre-trial and trial proceedings and he does not explain how he was prevented from timely discovering any such facts with due diligence.

The Petitioner's argument that he can challenge at any time the state's lack of subject matter jurisdiction also fails because such claim is not cognizable in this federal habeas proceeding. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)(holding that federal habeas review is not available to review errors of state law); Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998)(holding that the issue of whether or not a state court has subject matter jurisdiction is an issue of state law); Griffin v. Padula, 518 F. Supp. 2d 671, 677 (D.S.C. July 6, 2007)(dismissing habeas petition as untimely despite the petitioner's attempt to raise state court's lack of subject matter jurisdiction as there was "no exception under AEDPA for subject matter jurisdiction claims"). As such, the § 2254 petition is subject to dismissal as untimely filed.

## ii.   Exhaustion of State Remedies

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court.  28 U.S.C. § 2254(b)(1)(A).  In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement "in two ways": (1) by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review; or (2) by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari.  Joyner v. Hooks, 2019 WL 3561429, *3 (E.D.N.C. 2019); N.C. Gen.Stat. § 7A–31; N.C. Gen.Stat. § 15A–1422.  See also McNeil v. Whitener, 2012 WL 4086510, *5 (E.D.N.C. 2012)(to satisfy the exhaustion requirement, a petitioner must show that "his instant federal claims followed along one of these two tracks to completion of review in the state courts").

The Petitioner admits that he did not seek further appellate review after the North Carolina Court of Appeals affirmed his judgment of conviction December 2, 2003.  The Petitioner also did not file any post-conviction motions in state court raising the issues he now attempts to raise in this § 2254 federal habeas proceeding.  As such, the Petitioner did not exhaust his

available state remedies before seeking relief in this Court and his § 2254 is procedurally barred.

### iii. Successive § 2254 Petition

A petitioner's ability to attack the same criminal judgment in multiple collateral proceedings is expressly limited. Under the AEDPA, "[b]efore a second or successive application ...is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See 28 U.S.C. § 2244(b)(3)(A). Failure to obtain authorization from the appellate court deprives the district court of jurisdiction to consider the petitioner's successive petition. Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).

The Petitioner previously filed a § 2254 habeas corpus petition in this Court on January 5, 2016 challenging his underlying conviction and raising claims of ineffective assistance of counsel and suppression of exculpatory evidence by the prosecution. See [Docs. 1, 11, 20 of W.D.N.C. Case No. 3:16-cv-00003-FDW]. The Court granted summary judgment in favor of the Respondent and dismissed the § 2254 petition as untimely filed. [Id.]. As such, the pending § 2254 is successive. See Leatherwood v. Perry, No. 1:14-cv-220, 2015 WL 4756984, *3 (W.D.N.C. August 12, 2015)("dismissal of a habeas petition as time-barred is a decision on the merits and any

subsequent habeas petition challenging the same conviction or sentence is 'second or successive' for purposes of 28 U.S.C. § 2244(b)").

The Petitioner has not shown that he obtained authorization from the appellate court prior to filing his successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). As such, the § 2254 petition shall be dismissed as successive and unauthorized.

## IV.   CONCLUSION

For the reasons set forth above, the Petitioner's § 2254 petition shall be dismissed. The Court grants the Petitioner's *in forma pauperis* application for the limited purpose of this Court's initial review of the § 2254 petition.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000)(when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1.  The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2.  The Petitioner's Motion to Proceed *In Forma Pauperis* [Doc. 2] is

    **GRANTED**.

3.  Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases,

    this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: February 7, 2024

Martin Reidinger
Chief United States District Judge